UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-cr-20410-LENARD/Turnoff

UNITED STATES OF AMERICA,

v.

JONATHAN GIOVANNI MORLEY,

Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned upon Defendant Jonathan Giovanni Morley's

Motion to Suppress Evidence. **[DE 291]**. This matter was referred to the undersigned by the

Honorable Joan A. Lenard, United States District Judge for the Southern District of Florida.

**[DE 309]**. A hearing on this motion was held on October 20, 2010. **[DE 405]**. The Court has

considered the written and oral arguments, the testimonial and record evidence, the court

file, the applicable law, and is otherwise duly advised in the premises.

### Procedural Background

At the hearing, the undersigned granted defense counsel's *ore tenus* request for the

Government to produce wire intercept conversations and/or transcripts from November

7, 2009, supporting the probable cause allegations pertaining to Defendant Morley

contained in Paragraph 12 of the Affidavit accompanying the Search Warrant. Defense

CASE NO.: 10-cr-20410-LENARD/Turnoff

counsel advised the Court that he had listened to all the calls supplied by the Government and could not locate the wire interception on that date pertaining to Defendant Jonathan Giovanni Morley.  On October 22, 2010, the Government filed a Supplemental Response attaching the transcripts of the November 7, 2009 intercepted calls with respect to Defendant Morley. **[DE 422]**.[1]  Defendant Morley did not make any further filings.[2]

A review of the calls shows that there were references to Defendant Morley by his alias "Yoshi." See Indictment **[DE 3]**.

### Findings of Fact and Conclusions of Law

Federal Bureau of Investigations ("FBI") Special Agent Lionel S. Lofton, Jr., testified at the hearing.[3]

**1.      Probable cause to search 2740 NW 171 Terrace.**

On November 13, 2009, Agent Lofton applied for and obtained a Search Warrant to search Defendant Morley's residence located at 2740 NW 171 Terrace ("171 Terrace"), Miami Gardens, FL 33056.  The Application and Affidavit For Search Warrant were based

---

[1]The Government filed a Corrected Supplemental Response on October 25, 2010, which included copies of the transcripts that were inadvertently omitted from the original filing. **[DE 425]**.

[2]Defense counsel stated his intention to rest on the pleadings should the Government produce the transcripts of the calls at issue.

[3]Agent Lofton has been with the FBI since approximately 1996 and is assigned to the High Intensity Drug Trafficking Area ("HIDTA") task force.

CASE NO.: 10-cr-20410-LENARD/Turnoff

upon information from a confidential source with respect to Defendant Morley's

involvement in the "Murda Grove Boys" gang. The Affidavit alleged, *inter alia*, that

Defendant Morley had been seen outside the residence of other known narcotics dealers,

and that intercepted calls on November 7, 2009, indicated that narcotics transactions were

arranged to occur at Defendant Morley's residence.

Although Defendant Morley's correct address is listed in the Search Warrant and

throughout the Application and Affidavit, on Paragraph 12 of the Application, the address

is incorrectly listed as 2740 NW 177 Terrace ("177 Terrace"). Based upon this mistake,

Defendant Morley argued that the allegations did not support probable cause to search his

residence on 171 Terrace. As such, Defendant Morley moved to suppress evidence seized

by the Government from his residence on November 18, 2009, arguing that the Search

Warrant lacked probable cause and was insufficiently particularized.

The Government argued that the misstatement of the address on Paragraph 12 of

the Application was a scrivener's error that did not negate the probable cause to search

Defendant Morley's residence. Agent Lofton testified that, indeed, he made a

typographical error of which he did not become aware until the instant motion was filed.

He further testified that not only was he familiar with the location of Defendant Morley's

residence, but also that the 177 Terrace address was not a real property address within the

State of Florida, pursuant to information obtained from the Miami-Dade County Property

Appraiser's website.

## Applicable Law

Search warrants may only be issued upon a showing of probable cause which entails "a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Phillips, 327 Fed. App'x 855, 859 (11th Cir. 2009) (citing Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332 (1983)). Evidence that is obtained through an illegal warrant must be suppressed. Phillips, 327 Fed. App'x at 859 (citing Wong Sun v. United States, 371 U.S. 471, 488, 83 S.Ct. 407, 417 (1963)). Warrants are illegal if they are based on deliberate or reckless misrepresentations that are essential to a finding of probable cause. United States v. Cross, 928 F.2d 1030, 1040 (11th Cir. 1991). Where misstatements result from negligence or innocent mistake, they are insufficient to invalidate a warrant. Franks v. Delaware, 438 U.S. 154, 171, 98 S.Ct. 2674, 2084 (1978).

In assessing the validity of a search warrant, the Court must consider: "(1) whether the alleged misstatements in the affidavit were made either intentionally or in reckless disregard for the truth, and, if so, (2) whether, after deleting the misstatements, the affidavit is insufficient to establish probable cause." United States v. Kirk, 781 F.2d 1498, 1502 (11th Cir. 1986) (citing Franks, 438 U.S. at 171, 98 S.Ct. at 2684). The burden is on the defendant to show that, absent those misrepresentations, probable cause would not have existed. United States v. Novaton, 271 F.3d 968, 987 (11th Cir. 2001). "Insignificant and

CASE NO.: 10-cr-20410-LENARD/Turnoff

immaterial misrepresentations or omissions will not invalidate a warrant." United States

v. Ofshe, 817 F.2d 1508, 1513 (11th Cir. 1987).

The Fourth Amendment only requires that a search warrant provide a description

of the premises such that an officer may "with reasonable effort ascertain and identify the

place intended." United States v. Weinstein, 762F.2d 1522, 1532 (11th Cir. 1985) (citing

Steele v. United States No. 1, 267 U.S. 498, 503, 45 S.Ct. 414, 416 (1925)). Here, despite

the error in the street number, Agent Lofton "could still ascertain with reasonable effort

the place intended" to be searched. Agent Lofton testified that he was familiar with

Defendant Morley's residence from previous dealings. Moreover, the Search Warrant

contained the correct address along with a detailed description of the premises to be

searched in Attachment "A" thereto. Thus, the typographical error did not affect the

probable cause determination supporting the Search Warrant. See United States v. Burke,

784 F.2d 1090 (11th Cir. 1986) (upholding the validity of a warrant even though it

contained an incorrect address because, *inter alia*, the affiant accompanied the executing

officers and was able to point out the correct location). Certainly, the error did not result

from intentional or reckless disregard for the truth. Agent Lofton credibly testified that the

mistyping of one number in the address was an inadvertent error that was not caught

despite careful review by him, the prosecutor, and even the Magistrate Judge.

Even if the Court were to find that the error was intentional, and thus excise that

Page 5 of 8

CASE NO.: 10-cr-20410-LENARD/Turnoff

portion from the Affidavit, the Affidavit still contains sufficient independent allegations to support the Magistrate Judge's probable cause determination, to wit: Defendant Morley was known to reside at the 171 Terrace residence; a confidential source had identified him as a member of a known drug-trafficking gang; he had been seen outside the residence of other known narcotics dealers; and intercepted calls referenced a drug transaction that was to occur outside Defendant Morley's residence on 171 Terrace.

Because the undersigned finds that the Search Warrant did not violate Defendant Morley's Fourth Amendment rights, the Court need not decide whether the evidence would have been otherwise admissible pursuant to the good faith exception to the exclusionary rule.

2.     **Particularity of the Search Warrant.**

Defendant Morley also argued that the search warrant was overly broad and insufficiently particularized to comport with the requirements of the Fourth Amendment.

Pursuant to the Fourth Amendment, warrants must "particularly describ(e) the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "A description is sufficiently particular when it enables the searcher to reasonably ascertain and identify the things authorized to be seized." United States v. Wuagneux, 683 F.2d 1343, 1348 (11th Cir. 1982).

Defendant Morley cited Groh v. Ramirez, 540 U.S. 551, 555 (2004), where the

CASE NO.: 10-cr-20410-LENARD/Turnoff

warrant described the residence to be searched but neither listed the weapons to be

seized nor incorporated by reference the list attached to the sealed affidavit or the

application. The Supreme Court found that the supporting affidavit's descriptive language

"does not save the warrant from its factual invalidity. The Fourth Amendment by its terms

requires particularity in the warrant, not in the supporting documents." Id. at 557, 124 S.Ct.

at 1289. The Government distinguished Groh on the basis that the Search Warrant in the

instant case particularly listed the items to be seized and described same in Attachment

B thereto.  The undersigned finds that Groh is inapplicable here, because the Search

Warrant in this case particularly listed the items to be seized in Attachment B, which

mirrored Attachment B to the Application. As such, the undersigned finds that the Search

Warrant in this case was sufficiently particularized to comport with the requirements of

the Fourth Amendment.

## Conclusion

Upon thorough review of the written and oral arguments, the oral testimony, the

record evidence, as well as the applicable legal principles, the undersigned concludes that

none of Defendant Morley's arguments supports suppression of the evidence obtained

from the execution of the Search Warrant on his residence on November 18, 2009. The

evidence demonstrated that the Search Warrant was supported by probable cause as

detailed in the Affidavit and Application. The typographical error pertaining to the street

CASE NO.: 10-cr-20410-LENARD/Turnoff

address was insufficient to negate the otherwise demonstrable independent probable

cause contained therein.  Finally, the evidence demonstrated that the Search Warrant was

sufficiently particularized to comport with the mandates of the Fourth Amendment.

## Recommendation

In light of the foregoing, it is the **RECOMMENDATION** of the undersigned that

Defendant Jonathan Giovanni Morley's Motion to Suppress Evidence **[DE 291]** be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1)(c), the parties may file written objections to this

Report and Recommendation with the Honorable Joan A. Lenard, United States District

Judge, within fourteen (14) days of receipt.  Failure to file objections timely shall bar the

parties from attacking on appeal any factual findings contained herein.  RTC v. Hallmark

Builders, Inc., 996 F.2d 1144 (11th Cir. 1993); LoConte v. Dugger, 847 F.2d 745 (11th Cir.

1988).

**RESPECTFULLY RECOMMENDED** in Chambers, at Miami, Florida, this \_\_\_ day of

November 2010.

**WILLIAM C. TURNOFF**
**United States Magistrate Judge**

cc:    Hon. Joan A. Lenard
       All counsel of record