UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20410-CR-LENARD/TURNOFF

**UNITED STATES OF AMERICA**,

        Plaintiff,

vs.

**JONATHAN MORLEY and
SHAHEED RASHARD THOMPSON,
et al.**,

        Defendants.
_____/

**OMNIBUS ORDER DENYING DEFENDANT JONATHAN MORLEY'S AMENDED MOTION FOR SEVERANCE OF OFFENSES (D.E. 721) AND DENYING AS MOOT DEFENDANT MORLEY'S MOTIONS FOR SEVERANCE (D.E. 294, 349) AND DEFENDANT SHAHEED THOMPSON'S CORRECTED MOTION TO SEVER (D.E. 345)**

**THIS CAUSE** is before the Court on the Defendant Jonathan Morley's Amended Motion For Severance of Offenses (D.E. 721), Motions for Severance (D.E. 294 and 349) and Defendant Shaheed Thompson's Corrected Motion for Severance (D.E. 345). The Government filed responses to the Motions (D.E. 381 and 723). Upon review of the Defendants' Motions, the Government's Response and the record, the Court finds as follows.

**I.      Factual and Procedural Background**

This case involves an alleged conspiracy to distribute narcotics by fifteen individuals haling from the City of Miami Gardens. Defendants Jonathan Morley and Shaheed Thompson are two of the charged co-conspirators in this operation, which

allegedly operated out of several residences used as stash houses and points of distribution.  The Government alleges that the conspirators would routinely use stolen identification documents to set up and pay for the utility bills of each house.  The stolen identities were also used to pay other expenses related to the narcotics operation.

As part of a forty-six count Superseding Indictment (D.E. 458-462), Morley is charged with conspiracy to possess with intent to distribute cocaine, marijuana and MDMA,  possession with intent to transfer five or more identification and false identification documents and aggravated identity theft (Counts 1, 13, 15-34).  Thompson is charged with conspiracy to possess with intent to distribute cocaine, marijuana and MDMA (Count 1).  Co-conspirator Sherline Richard, originally charged as part of the conspiracy, entered a guilty plea (D.E. 435) on October 29, 2010 to conspiracy to possess with intent to distribute cocaine, marijuana and MDMA,  possession with intent to transfer five or more identification and false identification documents and aggravated identity theft.  The Government intends to call her at trial to testify against Morley, Thompon and the remaining defendants.

In their Motions to Sever (D.E. 345 and 349), filed on September 17 and 22, 2010, Thompson and Morley sought to sever their trials from that of Richard, out of concern that her post-arrest statements would create impermissible prejudice against them in violation of *Bruton v. United States*, 391 U.S. 123 (1965).  Because Richard has pled guilty and will no longer be tried alongside them, these Motions may be denied as moot.

Morley also moves to sever trial on Count 1 from the other counts against him.

2

(Morley Am. Mot. for Severance of Offenses.)[1]  Citing the *Sixth* and *Fourteenth Amendments* and Federal Rules of Criminal Procedure 8(a) and 14, he argues that the Superseding Indictment charges him with two separate and distinct crimes – conspiracy to possess with intent to distribute narcotics and identity theft – and his defense would be substantially prejudiced in a joint trial on the charges.  (Am. Mot. at 4.)

Morley contends that the alleged drug trafficking offense is not of the same character, based on the same act or transaction, or part of a common scheme or design as the identity theft offenses, thus their inclusion in the same indictment and in a unified trial constitutes misjoinder.  (Am. Mot. at 2, citing Fed.R.Crim.P. 8(a).)  Morley further indicates that he plans to testify in his own defense as to the identity theft charges but wishes to exercise his *Fifth Amendment* right to silence on the conspiracy charge.  (*Id*. at 4.)  Should he take the stand in defense of the identity theft charge, however, he will waive this privilege as to all other charges.  (*Id*. at 4, citing *Johnson v. United States*, 318 U.S. 189 (1943).  Morley claims that the forced choice between waiving his *Fifth Amendment* right and testifying in his defense at a joint trial constitutes compelling prejudice such that this Court should exercise its discretion under Rule 14 to sever the trial.  (Am. Mot. at 4, citing *United States v. Kabbaby*, 672 F.2d 861 (11th Cir. 1982).

In its Response,[2] the Government argues that joinder of the separate offenses is

---

[1]  Morley's Amended Motion (D.E. 721) is virtually identical to his original Motion for Severance (D.E. 294).

[2]  The Government's Response to Morley's Amended Motion (D.E. 723) adopts its previous Omnibus Response (D.E. 381).

proper under Rules 8 and 14. First, the offenses are related in that the identity theft was committed in furtherance of the drug trafficking conspiracy, *i.e.*, funds obtained through stolen identities were used to fund the operations of the co-conspirators. Therefore, the identity theft charges fit logically within the narcotics conspiracy and are not misjoined. Second, the Government argues that Morley has not discharged his heavy burden to demonstrate compelling prejudice. (Resp. at 6, citing *United States v. Kennard*, 472 F.3d 851, 858-59 (11th Cir. 2006).) It claims that Morley has not provided this Court with enough information to show both that he has important testimony to give in defense of the identity theft charges and a strong need to remain silent on the drug trafficking conspiracy charge. (*Id*. at 7, citing *United States v. Outler*, 659 F.2d 1306, 1313 (11th Cir. 1981). Consequently, Morley's motion should be denied.

**II.     Discussion**

The Court must undertake a two-step inquiry to determine whether separate charges may be properly tried at the same time. First, the government bears the burden to show that joinder of the offenses is proper under Fed.R.Crim.P. 8. *United States v. Gabay*, 923 F.2d 1536, 1539 (11th Cir. 1991). If it is, the Court then must consider wether it should exercise its discretion to sever offenses in order to avoid prejudice to a defendant or the government. *Id. (*citing *United States v. Montes-Cardenas*, 746 F.2d 771, 776 (11th Cir. 1984)).

Federal Rule of Criminal Procedure 8(a) governs the joinder of offenses, providing:

> The indictment of information may charge a defendant in separate counts with 2 or more offenses if the offenses charged -- whether felonies or misdemeanors or both -- are of the same or similar character, or are based on the same act or transaction, or are connected or constitute parts of a common scheme or plan.

Fed.R.Crim.P. 8(a). Courts broadly construe this Rule in favor of joinder. *United States v. Dominguez*, 226 F.3d 1235, 1238 (11th Cir. 2000). Joinder of offenses is proper when "the facts underlying each offense are so closely connected that proof of such facts is necessary to establish each offense." *United States v. Weaver*, 905 F.2d 1466, 1477 (11th Cir. 1990).

In *Dominguez*, the Eleventh Circuit held proper the joinder of charges alleging mortgage loan fraud and drug related charges, finding that the acts constituted a common scheme where the fraud was necessary to conceal the proceeds of the illicit drug activity. 226 F.3d at 1239. "The fact that one illegal activity provides the impetus for the other illegal activity is sufficient to constitute a common scheme for joinder purposes." *Id.*; *see also United States v. Kopituk*, 690 F.2d 1289, 1314 (11th Cir. 1982) (joinder held proper where income tax violations were found to have furthered the non-tax offeses such as racketeering, conspiracy and extortion). That each defendant may not have been involved in every phase of the alleged criminal activity or even know the roles and identities of the other participants is not necessary. *United States v. Wilson*, 894 F.2d 1245, 1252-53 (11th Cir. 1990).

Here, the Government alleges that the use and transfer of stolen and false identification documents by Morley was for the express purpose of supporting the drug

5

trafficking activity. Pursuant to the Eleventh Circuit's guidance in *Dominguez*, *Weaver* and *Wilson*, this Court finds that the drug trafficking conspiracy charge and the identity theft charges against Morley comprise a common scheme or plan and therefore are properly joined in the Superseding Indictment under Rule 8(a).

The Court next considers Morley's claim that compelling prejudice would result from a joint trial on the drug trafficking conspiracy and identity theft charges. Morley claims that a joint trial will force him to choose between invoking his *Fifth Amendment* right to silence on the conspiracy charge and testifying in his defense to the identity theft charges.

Federal Rule of Criminal Procedure 14(a) allows the court to "order separate trials of counts . . . or provide any other relief that justice requires" in the event that a joinder of offenses in an indictment or for trial appears to prejudice a defendant or the government." Fed.R.Civ.P. 14(a). Any such relief is within the discretion of the district court. *United States v. Benz*, 740 F.2d 903, 911 (11th Cir. 1984). The defendant bears the heavy burden to demonstrate the existence of compelling prejudice which would result in an unfair trial. *United States v. Kennard*, 472 F.3d 851, 858-59 (11th Cir. 2006).

Severance is not required simply because the defendant indicates the desire to testify on some counts but not others. *United States v. Hersh*, 297 F.3d 1233, 1243 n.15 (11th Cir. 2002) (citing *United States v. Forrest*, 623 F.2d 1107, 1115 (5th Cir. 1980)). Rather, the defendant must show that he did not testify in a joint trial because "the charges were distinct in time, place, and evidence, that there was "important" evidence

6

that he might have offered on one set of charges but could not, and that he had a "strong need" not to testify on the other counts. *Hersh*, 297 F.3d at 1243 n.15 (citing United States v. Gardiner, 955 F.2d 1492, 1497 (11th Cir. 1992)). It is the defendant's responsibility to provide the trial court with sufficient information to make such findings. *See United States v. Outler*, 659 F.2d 1306, 1313 (11th Cir. 1981).

Here, Morley has not provided nor offered to provide the Court with specific information regarding the important evidence he intends to present in defense of the identity theft charges or his strong need to remain silent as to drug trafficking conspiracy charge.³ His general statement that he has "established and demonstrated compelling prejudice" is unsupported by the record and unpersuasive. Consequently, the Court finds that Morley has not discharged his burden to show why this Court should exercise its discretion under Rule 14 to sever the charges in his Superseding Indictment.⁴

Finally, after balancing the risk of unfair prejudice to Morley against the interests of judicial economy, the Court concludes that the Morley's Amended Motion to Severance of Offenses should be denied. *See United States v. Baker*, 432 F.3d 1189, 1236 (11th Cir. 2005) (stating that the district court is required to balance the right of the defendant to a fair trial against the public's interest in efficiency and judicial economy);

---

³ The Court notes that Morley has had two opportunities to make this showing, his original Motion to Sever, filed on September 1, 2010, and the Amended Motion, filed on May 5, 2011.

⁴ Moreover, it is possible that even if Morley's offenses were severed for trial, he would still be subject to cross-examination on the drug trafficking charges if he took the stand at trial for the identity theft charges. Although this issue is not briefed by either party, such a scenario would render severance unwarranted. *See Benz*, 740 F.2d at 912.

*Benz*, 740 F.2d at 911.

    Accordingly, it **ORDERED AND ADJUDGED** that:

1. Defendant Jonathan Morley's Amended Motion for Severance of Offenses (D.E. 721), filed on May 5, 2011, is **DENIED**.

2. Defendant Jonathan Morley's Motion to Sever (D.E. 294), filed on September 1, 2010, is **DENIED** as moot, having been superseded by the Amended Motion.

3. Defendant Shaheed Rashard Thompson's Corrected Motion to Sever (D.E. 345), filed on September 17, 2010, is **DENIED** as moot.

4. Defendant Jonathan Morley's Motion to Sever (D.E. 349), filed on September 22, 2010, is **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of August, 2011.

                                                          **JOAN A. LENARD**
                                                  **UNITED STATES DISTRICT JUDGE**