UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20410-CR-LENARD/TURNOFF

**UNITED STATES OF AMERICA**,

        Plaintiff,

vs.

**JONATHAN MORLEY**,

        Defendant.

_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION (D.E. 467) AND DENYING DEFENDANT JONATHAN MORLEY'S MOTION TO SUPPRESS (D.E. 291)

**THIS CAUSE** is before the Court on the Report and Recommendation of U.S. Magistrate Judge William C. Turnoff ("Report," D.E. 467), issued on November 12, 2010. In his Report, Magistrate Judge Turnoff recommends that Defendant Jonathan Morley's Motion to Suppress (D.E. 291), filed on September 1, 2010, be denied. Morley filed Objections (D.E. 506) to the Report on November 23, 2010, to which the Government responded (D.E. 521) on November 30, 2010. Upon review of the Report, Objections, Response and the record, the Court finds as follows.

**I.     Background**

Defendant Jonathan Morley, alleged participant in a narcotics trafficking conspiracy, now moves to suppress the fruits of a search conducted at his residence, located at 2740 NW 171 Terrace, Miami Gardens, Florida, on November 18, 2009. *See* Morely Mot. to Suppress, D.E. 291.) Magistrate Judge Turnoff held a hearing on the

motion on October 20, 2010 (Transcript, D.E. 444) at which FBI Special Agent Lionel S. Lofton, Jr. testified.  Following the hearing, the Government submitted transcripts of the wire taps with respect to Morley (November 7, 2009 Call Transcripts, D.E. 425-1).

The Report recommends denying Morley's motion. (Report at 8.)  Magistrate Judge Turnoff finds that the incorrect address of Morley's residence in paragraph 12 of the search warrant application is a typographical error that did not affect the probable cause determination supporting the warrant.  (*Id*. at 5.)  Even if the error were intentional, the the Magistrate finds that Agent Lofton's affidavit contained sufficient independent allegations to support the probable cause determination.  (*Id*. at 5-6.) Magistrate Judge Turnoff also finds that the search warrant was sufficiently particularized pursuant to the *Fourth Amendment* concerning the items to be seized from Morley's residence.  (*Id*. at 6-7.) Thus, the items seized from his home on November 18, 2009 should be admissible at trial.  (*Id*. at 8.)

Morley objects to the findings of the Report; specifically that sufficient probable cause existed for the issuance of the search warrant. (Objections at 1-3.)  He bases this objection on the lack of mention of his name or residence in the intercepted wire transcripts.  (*Id*. at 7.)  Morley also contends that the items seized from his home were not remotely linked to the limited probable cause allegations in the search warrant affidavit.  (*Id*. at 8.)

The Government responds to Morley's objections and in support of the Report's findings and recommendations.  It first argues that Morley raises a new argument – no

2

evidence of his name or his residence appears in the phone transcripts – and therefore he has waived it; in the alternative, probable cause to search existed whether or not the intercepted evidence reflected the drug transactions took place inside or outside the residence.  (*Id*. at 4-6.)  The Government also argues that even if probable cause were somehow lacking, the agents' good faith reliance on the search warrant should not render the evidence seized inadmissible.  (*Id*. at 7 (citations omitted).)

**II.     Discussion**

    **A.     Incorrect Address in the Search Warrant Affidavit Does Not Invalidate Probable Cause Determination**

The issuance of a search warrant requires probable cause – "a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Phillips*, 327 Fed. App'x 855, 859 (11th Cir. 2009) (citation omitted).  Any evidence obtained via an illegal warrant must be suppressed.  *Id.* at 859 (citing *Wong Sun v. United States*, 371 U.S. 471, 488 (1963).  A warrant will be rendered illegal if its probable cause determination is based upon deliberate or reckless misrepresentations.  *United States v. Cross*, 928 F.2d 1030, 1040 (11th Cir. 1991).  Misstatements resulting from negligence or innocent mistake, however, are insufficient to invalidate a warrant.  *Franks v. Delaware*, 438 U.S. 154, 171 (1978).

Morley's challenge to the validity of the search warrant centers on the incorrect address of his home in paragraph 12 of Lofton's affidavit.  The Court assesses the validity of the Morley search warrant (D.E. 380-1) in two steps: "(1) whether the alleged

misstatements in the affidavit were made intentionally or in reckless disregard for the truth, and, if so, (2) whether, after deleting the misstatements, the affidavit is insufficient to establish probable cause." *United States v. Kirk*, 781 F.2d 1498, 1502 (11th Cir. 1986) (citing *Franks*, 438 U.S. at 171). Morley bears the burden to show that probable cause would not have existed absent those misstatements. *United States v. Novaton*, 271 F.3d 968, 987 (11th Cir. 2001). If the misstatements were insignificant or immaterial, the warrant will not be invalidated. *United States v. Ofshe*, 817 F.2d 1508, 1513 (11th Cir. 1987).

The Magistrate Judge finds that address incorrectly ascribed to Morley's residence in paragraph 12,[1] 2740 NW 177 Terrace, unintentional and insignificant. (Report at 5-6.) The Court agrees. Morley's correct address, 2740 NW 171 Terrace, is correctly represented in paragraph 2 of the affidavit, the first sentence of paragraph 12 and the accompanying application for the search warrant (D.E. 380-2). The Magistrate appears to have credited Agent Lofton's description of the misstatement as "inadvertent typographical error" (Hearing Tr. 9:11-13) and to the extent the Report's findings are based on this credibility determination, the Court will not disturb it. *See United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (stating that credibility determinations are within the province of the fact finder and should not be disturbed). Moreover, nothing in the record suggests this misstatement was intentional or made in

---

[1] And again in paragraph 14(d) for the purpose of identifying the owner of the property. Morley does not take issue with this error.

reckless disregard for the truth or to gain any tactical advantage in the investigation. *See Kirk*, 781 F.2d at 1502.

Evaluating paragraph 12 without the sentence containing Morley's incorrect address, the Court finds Lofton's affidavit establishes probable cause. The redacted paragraph 12 reads:

> Based on the review of wire interceptions and surveillance, your affiant knows that Jonathan Morley (Morley) resides at 2740 NW 171 Terrace. According to CS1, Morley is a member of the Murda Grove Boys, and a narcotics distributor. [REDACTED] As recently as November 5, 2009, surveillance observed Gray, Morley and others associated with the distribution of narcotics at that residence. On November 7, 2009[,] wire interceptions revealed an individual narcotics supplier being given directions to the residence to deliver narcotics to Morley and Gray. Based on the aforementioned information, surveillance, and information from ongoing wire interceptions, your affiant believes that there are narcotics stored and distributed in this residence.

(Lofton affidavit ¶ 12.) The Court concurs with the Report's finding that these allegations are sufficient to support the determination that probable cause existed to search 2740 NW 171 Terrace. *See Kirk*, 781 F.2d at 1502.

## B.     Probable Cause Existed For The Search Warrant

Morley argues, for the first time here, that no probable cause existed for the issuance of the search warrant for his residence due to the absence of any reference to him or firsthand involvement in the narcotics deals. (Objections at 1-2, 7-8.)[2] The additional transcripts of intercepted calls produced by the Government following Magistrate Turnoff's hearing (D.E. 425-1) only refer to "Yoshi's house" (Morley's nickname is

---

[2] The Government's waiver argument does not apply to the Court's review of a Report and Recommendation as it would at appellate level review.

"Yoshi") and the residence on 171 Terrace at the corner of 27th Court. (Nov. 7, 2009 Call Trs. at 5, 15 and 17.) Morley claims that nothing ties the narcotics deals to the inside of his home and therefore probable cause for its search could not exist. (Objections at 7-8.)

As already established, the affidavit of Agent Lofton is sufficient for a probable cause finding to be made for a search warrant to be issued for Morley's residence. *See* **Section II.A.**, *supra*. The affidavit explained that Morley was known to reside at the 171 Terrace residence, the confidential informant knew Morley to be drug dealer and member of a gang involved in drug dealing, persons associated with the drug trafficking enterprise congregated at Morley's residence and frequently engaged in transactions there and the residence was likely to contain drugs and paraphernalia. The intercepted call transcripts confirm that Morley, or "Yoshi" lived at the 171 Terrace and alleged co-conspirator Antwan Roshax Gray thrice directed a supplier to Morley's residence on November 7, 2009 for an alleged drug deal. This evidence is sufficient for the Court to find that Morley was involved in the drug trafficking conspiracy and that "a fair probability [existed] that contraband or evidence of a crime [would] be found" at his residence. *United States v. Butler*, 102 F.3d 1191, 1198 (11th Cir. 1997). The Court is further persuaded by *United States v. Jones*, where the Sixth Circuit found that "the fact the incidents referred to in the [search warrant] affidavits took place on the premises [in the driveway of the residence or in the defendant's car] rather than inside the house does not invalidate the search of the house." 159 F.3d 969, 974-75 (6th Cir. 1998)

Consequently, the Court finds proper the Magistrate Judge's determination that probable cause existed for the search warrant of Morley's residence.

### C.      Particularity of the Search Warrant and Items Seized

Morley's claims that the items seized from his residence were not remotely linked to the probable cause allegations of Lofton's affidavit and therefore should be suppressed are not persuasive.

A warrant compliant with the *Fourth Amendment* must "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV.  "A description is sufficiently particular when it enables the searcher to reasonably ascertain and identify the things authorized to be seized." *United States v. Wuagneux*, 683 F.2d 1343, 1348 (11th Cir. 1982).

Morley requests the suppression of items seized during the November 18, 2009 search of his residence in addition to "many items that were not remotely linked to the limited probable cause allegations in the search warrant affidavit in violation of the *Fourth Amendment*."  (Objections at 5.)  However, he does not list these additional items and the Court cannot ascertain from his Objections or Motions the tenuous link of which Morley complains.  The warrant very clearly incorporates by reference Attachment "B" (D.E. 380-1 at 4) which lists items related to narcotics and paraphernalia, records, currency and proceeds of the drug trafficking operation, fictitious documents, documents related to the property, firearms and ammunition, among others.  The affidavit of Agent Lofton clearly sets forth the grounds for this list: Morley is suspected of participating in a

narcotics distribution organization, funded in part by fraudulent or stolen identities and accompanied by crimes of violence involving firearms.  (*See, e.g.*, Lofton affidavit ¶¶ 5-13.)  It is evident from the face of the search warrant, its incorporated attachment and affidavit in support that the items to be seized from Morley's residence are set forth with particularity and causally linked to the allegations upon which probable cause was found. *See Groh v. Ramirez*, 540 U.S. 551, 555 (2004).  For these reasons, Morley's Motion to Suppress must be denied.

    Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Report and Recommendation of U.S. Magistrate Judge William C. Turnoff (D.E. 467), issued on November 12, 2011, is **ADOPTED.**

2. Defendant Jonathan Morley's Motion to Suppress (D.E. 291), filed on September 1, 2010, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th  day of September, 2011.

                                                                            **JOAN A. LENARD**
                                                  **UNITED STATES DISTRICT JUDGE**