UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20410-CR-LENARD

**UNITED STATES OF AMERICA,**

v.

**JONATHAN GIOVANNI MORLEY,**

    Defendant.

_____/

**ORDER DISMISSING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

**THIS CAUSE** is before the Court on Defendant Jonathan Giovanni Morley's *pro se* Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) & (c)(2), ("Motion," D.E. 1551), filed December 11, 2023. The Government filed a Response on December 21, 2023, ("Response," D.E. 1552), to which Defendant filed a Reply on January 25, 2024, ("Reply," D.E. 1557.) Upon review of the Motion, Response, Reply, and the record, the Court finds as follows.

**I.     Background**

On November 9, 2010, a Grand Jury sitting in the Southern District of Florida returned a 46-count superseding indictment against Defendant and his co-conspirators. (D.E. 461.) The case proceeded to trial and Defendant was convicted by a jury of conspiracy to possess with the intent to distribute various controlled substances (Count 1), possession with the intent to unlawfully use or transfer five or more identification

documents (Count 13), and 20 counts of aggravated identity theft (Counts 15–34.)  (D.E. 952.)

According to his Presentence Investigation Report ("PSR"), Defendant was found to have a base offense level of 30 with a criminal history category of V; however, because he qualified as a career criminal under U.S.S.G. § 4B1.1(a), his adjusted base offense level increased to 37 with a criminal history category of VI.  At sentencing, the Parties stipulated to the accuracy of the PSR's guideline calculations, and the Court found that Defendant's "offense level is 37; the criminal history category is Roman numeral VI; the advisory guideline range is 360 months to life imprisonment, plus a consecutive term of 24 months[.]" ("Sentencing Transcript," D.E. 1252 at 8:11–14.)  The Government argued for "a sentence of 360 months followed by the two years for the identity theft." (*Id*. at 12:8–9.)  Defendant argued for a downward variance and a sentence in the range of 20 years. (*Id*. at 11:8–9.)  The Court ultimately granted Defendant's downward variance motion[1] finding that:

> [A] sentence of 252 months for the drug offenses and a 24-month consecutive sentence for a total of 276 months is the appropriate sentence.  It takes into account the extensive criminal history of the Defendant, the offenses for which he stands before the Court, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and provide just punishment, to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the Defendant.
>
> It is a sentence of 23 years.  And after the completion of that sentence, the Defendant will be on eight years' supervised release.

---

[1] The Court granted the downward variance motion, "albeit not to the extent that the Defendant requests[.]" (*Id.* at 21:23.)

(*Id.* at 21:24–25, 22:1–10.)

The Court issued a written Judgment, sentencing Defendant "to be imprisoned for a term of **276 months total; 252 months as to count 1, 180 months as to count 13, which shall run concurrently to count 1; 24 months as to counts 15–34, which shall run concurrent to each other, and consecutive to counts 1 and 13**." (D.E. 1111 at 2 (emphasis in original).) Defendant appealed, and his sentence was affirmed. *See United States v. Gray*, 544 F. App'x 870, 895 (11th Cir. 2013).

Defendant now argues that his sentence should be reduced because he no longer qualifies as a career offender under *United States v. Dupree*, 57 F.4th 1269, 1271 (11th Cir. 2023).[2]  (Mot. at 6–8.)

## II.     Legal Standard

Generally, "a district court may not modify an imprisonment sentence except where expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure[.]" *United States v. Phillips*, 597 F.3d 1190, 1194 (11th Cir. 2017). Sections 3582(c)(1)(A) and 3582(c)(2) are statutes that Congress created to fashion a narrow means of modifying a criminal sentence.  Section 3582(c)(2) states that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after consulting

---

[2] In *Dupree*, the Eleventh Circuit held that "[t]he definition of 'controlled substance offense' in § 4B1.2(b) of the Sentencing Guidelines does not include inchoate offenses like conspiracy and attempt." *Id*. at 1280.  Defendant thus argues that his conspiracy conviction can no longer serve as a predicate offense for the career offender enhancement.

3

the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Section 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, provides, in relevant part:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that—
>
> **(1)** in any case—
>
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, <u>or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,</u> may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> **(i)** extraordinary and compelling reasons warrant such a reduction;
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).  From the plain text of the statutes, section 3582(c)(1)(A)(i) contains an exhaustion requirement while section 3582(c)(2) does not.

### III.  DISCUSSION

The Court will first examine Defendant's section 3582(c)(1)(A)(i) argument, and the Government's objection, before proceeding to his section 3582(c)(2) claim.

4

a. **Section 3582(c)(1)(A)(i)**

As discussed, Defendant asserts that his sentence should be reduced because he no longer qualifies as a career offender under *Dupree*. Defendant thus argues that *Dupree* is a change in the law constituting extraordinary and compelling reasons for a sentence reduction. The Government counters that the Court is without authority to grant the requested relief because Defendant has not exhausted his administrative remedies under section 3582(c)(1)(A)(i), (Resp. at 4–5), and in any event, he would still be a career offender under the new guideline amendments,[3] (*id.* at 5–16.)

Regarding exhaustion, the Government states that, although not a jurisdictional requirement, it is a mandatory claim-processing rule that the Court must enforce if properly raised by a party. (*Id.* at 4 (citing *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).) Defendant concedes that he did not exhaust his administrative remedies and argues that exhaustion is no longer required under changes implemented by "the First Step Act of 2018 and the retroactive [U.S.S.G] Amendments of 2023[.]" (Reply at 2.)

Defendant appears to rely on the § 1B1.13. Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)[4] which states that "[u]pon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment[.]" U.S.S.G. 1B1.13(a).

---

[3] This second argument is discussed in subsection (b).

[4] The Policy Statement is available at:
https://guidelines.ussc.gov/apex/r/ussc_apex/guidelinesapp/guidelines?app_gl_id=%C2%A71B1.13 (last visited February 20, 2024).

Defendant mistakenly reads this statement as eliminating the exhaustion requirement. Nevertheless, for Defendant to file a motion "pursuant to 18 U.S.C. § 3582(c)(1)(A)" he must meet the requirements of that section; and, as discussed, section 3582(c)(1)(A) plainly contains an exhaustion requirement.[5]  Because Defendant concedes that he failed to exhaust his administrative remedies, and the Government properly raised the issue as a defense, the Court must enforce exhaustion as a mandatory claim-processing rule and dismiss Defendant's section 3582(c)(1)(A) claim without prejudice. *See Harris*, 989 F.3d at 911.  Thus, Defendant is permitted to move for a sentence reduction under section 3582(c)(1)(A) only after he has exhausted his administrative remedies. *See United States v. Smokes*, No. CR 616-010-7, 2024 WL 37071, at *1 (S.D. Ga. Jan. 3, 2024) (Section 3582(c)(1)(A) "allows the court, after the defendant has fully exhausted all administrative rights, to reduce the defendant's term of imprisonment if, *inter alia*, the defendant shows

---

[5] To exhaust administrative remedies, a prisoner must first make a written request to the Warden of his institution that includes, at a minimum, the following information:

> (1) The extraordinary or compelling circumstances that the inmate believes warrant consideration.
>
> (2) Proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment.

28 C.F.R. § 571.61(a).  The prisoner may file a motion under section 3582(c)(1)(A) after either: (1) thirty days have passed since the Warden received the request; or (2) after exhausting all administrative rights to appeal BOP's decision not to file a motion on the prisoner's behalf, *see* 28 C.F.R. § 571.63—whichever is earlier.  18 U.S.C. § 3582(c)(1)(A).  In order to exhaust administrative appeals, a prisoner has 20 calendar days to appeal the Warden's decision to the Regional Director.  28 C.F.R. § 542.15(a).  If dissatisfied with the Regional Director's decision, the prisoner is required to appeal to BOP's General Counsel within 30 calendar days of the Regional Director's response.  *Id.*

extraordinary and compelling reasons warrant such a reduction.") As such, Defendant's section 3582(c)(1)(A) claim is due to be dismissed without prejudice.[6]

### b. Section 3582(c)(2)

Defendant mentions section 3582(c)(2) in the title of his Motion but fails to provide any argument explaining why it applies to him. (*See generally* Mot., Reply). The Court nevertheless finds that section 3582(c)(2) is inapplicable because Defendant was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)[.]"[7] 18 U.S.C. § 3582(c)(2). Defendant does not argue otherwise. Rather, he asserts that under *Dupree* he no longer qualifies as a career offender. However, *Dupree* was a decision by the Eleventh Circuit Court of Appeals and not an action by the Sentencing Commission lowering Defendant's sentencing range pursuant to 28 U.S.C. 994(o). In sum, Defendant has not identified an amendment lowering his sentence range, and the Court is aware of none.[8] The Court thus finds that section 3582(c)(2) is inapplicable to Defendant. *See*

---

[6] Because Defendant's section 3582(c)(1)(A) claim is dismissed without prejudice, he may refile, if necessary, after fully exhausting administrative remedies. Should he refile, the Court notifies Defendant that although his Motion referenced an Exhibit A, (Mot. at 8), no exhibits were attached to his filing.

[7] Section 994(o) empowers the Sentencing Commission to periodically "review and revise [the guidelines] in consideration of comments and data coming to its attention[.]" 18 U.S.C. § 994(o).

[8] The Court notes that Defendant's sentencing range would not be reduced by Part B of the recent Amendment 821 to the Sentencing Guidelines, which created § 4C1.1. That section provides for a retroactive decrease of two levels from a defendant's initial offense level for those defendants who did not receive any criminal history points, and whose instant offense did not involve certain enumerated aggravating factors. USSG § 4C1.1(a). Defendant does not qualify because he received numerous criminal history points. As discussed, Defendant had a Criminal History Category of V before the career offender enhancement increased him to a Category VI.

*United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008) ("Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence.")  Defendant's section 3582(c)(2) claim is thus due to be denied.

The Court additionally finds that—rather than lowering Defendant's sentencing range—the Sentencing Commission recently amended the career offender guideline[9] by moving inchoate offenses from the commentary to the guideline text.[10]  This change was effectuated by Amendment 822[11] which made several changes to address a circuit conflict regarding the authoritative weight afforded to certain commentary to § 4B1.2.  As discussed, the Eleventh Circuit held in *Dupree* that the guideline's definition of "controlled substance offense" does not include inchoate offenses because such offenses were included in the commentary rather than the guideline text.  Several other circuits have reached the

---

[9] The 2023 Guidelines Manuel for § 4B1.1 Career Offender and § 4B1.2 Definitions of Terms Used in Section 4B1.1 is available at: https://www.ussc.gov/guidelines/2023-guidelines-manual/annotated-2023-chapter-4#4b12 (last visited February 20, 2024).

[10] In *Stinson v. United States*, 508 U.S. 36 (1993), the Supreme Court held that "the guidelines are the equivalent of legislative rules adopted by federal agencies." *Id.* at 45.  The Sentencing Commission is tasked with providing sentencing guidelines and policy statements which must "pass through the gauntlets of congressional review or notice and comment." *United States v. Tate*, 999 F.3d 374, 382 (6th Cir. 2021).  However, the commentary to the sentencing guidelines "is not the product of delegated [Congressional] authority for rulemaking" and is "akin to an agency's interpretation of its own legislative rules." *Stinson*, 508 U.S. at 44–45.  Thus, while "not binding on the federal courts," the "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Id.* at 37–38.

[11] Amendment 822 has an effective date of November 1, 2023, and is available at: https://www.ussc.gov/guidelines/amendment/822 (last visited February 20, 2024).

same conclusion. *See United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022); *United States v. Nasir*, 17 F.4th 459 (3d Cir. 2021) (*en banc*); *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (*en banc*); *United States v. Winstead*, 890 F.3d 1082 (D.C. Cir. 2018). Nevertheless, other circuits have reached the opposite conclusion finding that inchoate offenses like conspiracy are included in the definition of "controlled substance offense" under the career offender guideline. *See United States v. Vargas*, 74 F.4th 673, 698 (5th Cir. 2023) (*en banc*); *United States v. Smith*, 989 F.3d 575, 585 (7th Cir. 2021); *United States v. Tabb*, 949 F.3d 81, 87 (2d Cir. 2020); *United States v. Lewis*, 963 F.3d 16, 22 (1st Cir. 2020).

To address this circuit conflict, the Sentencing Commission amended the career offender guideline. The current 2023 Guidelines Manuel (effective November 1, 2023) specifies in the guideline text—rather than the commentary—that under the career offender enhancement "[t]he terms 'crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, attempting to commit, or conspiring to commit any such offense." U.S.S.G. § 4B1.2(d). In other words, the Sentencing Commission addressed the cause of the circuit conflict by moving inchoate offenses from the commentary to the guideline text. As such, Defendant would still be a career offender if he were sentenced today.

**IV.   Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Jonathan Giovanni Morley's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) & (c)(2) (D.E. 1551) is **DISMISSED** in part and **DENIED** in part. It is **DISMISSED**

9

**without prejudice** as to Defendant's claims under 18 U.S.C. § 3582(c)(1)(A) and **DENIED** as to his claims under 18 U.S.C. § 3582(c)(2).

**DONE AND ORDERED** in Chambers at Miami, Florida this 27th day of February, 2024.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**